```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

MARVIN ROBINSON                    *        CIVIL ACTION

VERSUS                             *        NO. 05-2202

DAYBROOK FISHERIES, INC.           *        SECTION "B"(3)
```

## ORDER AND REASONS

Before the Court is a Motion to Strike Jury on behalf of Plaintiff Marvin Robinson pursuant to the Jones Act, 46 U.S.C.A. § 688.  (Rec. Doc. No. 12).  For the following reasons, Plaintiff's motion is hereby **GRANTED**.[1]

## Background

Plaintiff, Marvin Robinson, filed a complaint against Defendant, Daybrook Fisheries, on June 9, 2005, arising out of injuries sustained on August 21, 2003.  On July 19, 2005, the Defendant filed an answer requesting trial by jury.  The matter is currently set for trial before the court with a jury on October 2, 2006.  Plaintiff requests that this matter be removed from the docket as a jury trial and placed on the docket as a non-jury trial.

---

[1] Oral argument scheduled for July 26, 2006 at 9:00 a.m. is hereby **CANCELLED** in view of the sufficiency of the parties' briefing and this Order and Reasons.

**Law and Analysis**

1. Standard of Review

   The Jones Act grants a plaintiff the right to a trial by jury. 46 U.S.C. § 688. Specifically, it states that "any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury." Id. The Fifth Circuit interprets this to mean that where there is no diversity, the Defendant does not have a right to a jury trial. Rachal v. Ingram Corp., 795 F.2d 1210, 1214 (5th Cir.1986). "Any jury trial right that [a defendant] may have arose only because [the plaintiff] demanded a jury trial; [the defendant] may insist on a jury trial only to the extent that [the plaintiff] is prohibited by the Federal Rules of Civil Procedure from withdrawing his jury demand. The seventh amendment therefore is not involved in this case." Id.

2. Right to Jury Trial

   The issue in this case is whether the Defendant is entitled to a jury trial under the Jones Act and the Seventh Amendment. "In a nondiversity action under the Jones Act, 46 U.S.C. § 688, the seaman, on proper request, is entitled to a jury trial only by virtue of the Jones Act statutory grant." Id. at 1213 (citing Fitzgerald v. United States Lines, 374 U.S. 16, 21). The Fifth Circuit holds that, pursuant to the Jones Act, the defendant does not have a right to a jury trial unless there is diversity. Id. In Rachal v. Ingram Corp., the Fifth Circuit held that although

the plaintiff demanded a jury in his original complaint, because he was not prohibited from amending his complaint, the defendant could not insist on a jury trial. 795 F.2d at 1214.

In this case, Plaintiff filed a complaint against Daybrook Fisheries, Inc. In its answer, the Defendant requested a jury trial. The Defendant does not have the right to a jury trial because the claim was filed under the Jones Act, which grants Plaintiff the right to trial by jury, and additionally, there are no allegations of diversity of citizenship. (Rec. Doc. No. 12).

Defendant asserts a right to a jury trial and relies on Johnson v. Penrod Drilling Co., in which the Fifth Circuit "held that the district court erred when it denied a Jones Act defendant the right to a jury trial that the plaintiff had originally demanded, but had later withdrawn." Rachal, 795 F.2d at 1212 (citing Johnson v. Penrod Drilling Co., 469 F.2d 897 (5th Cir.1972)). However, in Johnson, the defendant's right to a jury trial existed because diversity jurisdiction was present, and plaintiff made an initial request for a jury trial. Id.

Defendant further claims that it has a right to a jury trial pursuant to the Seventh Amendment because Plaintiff's action was brought "at law" rather than "in admiralty". (Rec. Doc. No. 19). The Fifth Circuit held in Rachal that the seventh amendment is not involved in this situation. 795 F.2d at 1214. "The Johnson court relied on the seventh amendment in its analysis, and diversity jurisdiction was the only possible connection to a

seventh amendment right to jury trial in Johnson." Id. at 1216. There is no diversity jurisdiction in the instant action, and as such, the right to a jury trial remains solely with the Plaintiff pursuant to the Jones Act.

Defendant further argues that Plaintiff's failure to proceed "in admiralty" invokes Defendant's right to jury trial. This argument fails because the court in Rachal states that "when the initial complaint was filed and the plaintiff chose a civil action, the only right to a jury trial belonged to the plaintiff under the Jones Act." Id. at 1217.

The right to jury trial therefore lies with the Plaintiff, and not the Defendant in this instance.

For the forgoing reasons, Plaintiff's Motion to Strike Jury is **GRANTED.**

New Orleans, Louisiana, this 24th day of July, 2006.

IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE